UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

KARON KENYATA BALDWIN,

    Petitioner,

v.

MICHELLE SMITH, Warden,

    Respondent.

Civil No. 13-2655 (DSD/LIB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.[1] The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

---

[1] Petitioner's pleading includes several references to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, and it appears that Petitioner might be deliberately attempting to cast his pleading as something other than an application for a writ of habeas corpus pursuant to § 2254. However, Petitioner is currently in custody pursuant to a state court judgment, so he can seek federal habeas relief <u>only</u> under § 2254. As the Eighth Circuit Court of Appeals plainly stated in <u>Crouch v. Norris</u>, 251 F.3d 720 (8th Cir. 2001): "a 'person in custody pursuant to the judgment of a State court,'... <u>can only obtain habeas relief through § 2254, no matter how his pleadings are styled.</u>" <u>Id</u>. at 723 (quoting 28 U.S.C. § 2254(a), and citing <u>Felker v. Turpin</u>, 518 U.S. 651, 662 (1996) (emphasis added). Therefore, the current petition <u>must</u> be construed to be an application for relief under § 2254.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**I. BACKGROUND**

In 1996, Petitioner was indicted in the state district court for Hennepin County, Minnesota. He was charged with multiple counts of attempted murder, assault, burglary and robbery, all stemming from a home burglary in which one person was killed, and another person was shot and wounded. At the conclusion of Petitioner's jury trial, he was acquitted on the murder charges, but found guilty of first degree aggravated robbery (as a lesser included offense), first degree burglary, and seven counts of second degree assault. According to Petitioner, he was later sentenced to an aggregate term of 324 months in prison. (Petition, [Docket No. 1], p. 2.) He is currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal that raised several legal challenges to his sentence. The Minnesota Court of Appeals rejected most of Petitioner's arguments, but his sentence for his burglary conviction was reduced by 28 months – presumably meaning that his aggregate sentence was reduced from 324 months to 296 months.[3] State v. Baldwin, No. CX-96-2336 (Minn.App. 1997), 1997 WL 632889 (unpublished opinion), [hereafter "Baldwin I"]. Petitioner did not seek further review in the Minnesota Supreme Court.

In July 2007, Petitioner filed a post-conviction motion in the trial court, which presented several claims of ineffective assistance of counsel, and several renewed

---

[3] The Court is unable to independently verify the aggregate length of Petitioner's prison sentence as originally imposed by the trial court, or as later modified by the Minnesota Court of Appeals. That might be significant if Petitioner's current habeas claims were to be addressed on the merits here, but given the Court's determination that this action is time-barred, (as discussed more fully below), any possible misunderstanding about the length of Petitioner's sentence is presently inconsequential.

2

challenges to his prison sentence. The trial court denied Petitioner's 2007 post-conviction motion, and he then filed a second appeal. The Minnesota Court of Appeals affirmed the trial court's ruling on the post-conviction motion, and the Minnesota Supreme Court denied Petitioner's subsequent petition for further review. Baldwin v. State of Minnesota, No. A08-691 (Minn.App. 2009), 2009 WL 1373984 (unpublished opinion), rev. denied, Sept. 29, 2009, [hereafter "Baldwin II"].

In 2013, Petitioner again sought post-conviction relief in the trial court, this time by filing "a motion for correction of an illegal sentence not authorized by law pursuant to Minn. R. crim. P. Rule 27.03, subd. 9." (Petition, p. 2.) That motion was denied "in all respects" on May 7, 2013, (id.), and Petitioner apparently did not appeal that ruling.

Petitioner's current federal habeas corpus petition was filed on September 27, 2013. This petition raises several challenges to Petitioner's 1996 prison sentence. Petitioner has summarized his current claims as follows:

> "[B]ecause of the false and misleading application of the Minnesota Sentencing Guidelines under 'Permissive Consecutive Sentences (4), the court actions resulted in an illegal aggregated sentence of 324 months as apposed [sic] to the legal authorized aggregated sentence of 156 months."

(Petition, p. 6.)

The Court finds, however, that none of the claims presented in Petitioner's current habeas corpus petition can be addressed on the merits, because the petition was not filed within the one-year statute of limitations period prescribed by federal law.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, established a one-year statute of limitations for habeas corpus petitions filed by

3

state prisoners seeking federal court review of a conviction or sentence. The applicable statute, 28 U.S.C. § 2244(d), provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, nothing on the face of the petition suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a more timely petition. Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for

4

seeking such review."

Petitioner's conviction and sentence were upheld by the Minnesota Court of Appeals on Petitioner's direct appeal in Baldwin I. Because Petitioner did not seek further review in the Minnesota Supreme Court, his conviction and sentence became "final" upon the expiration of the deadline for seeking such review. Gonzalez v. Thaler, 132 S.Ct. 641, 654 (2012) (where habeas petitioner "did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"). The deadline for seeking further review in the Minnesota Supreme Court expires 30 days after the Court of Appeals' decision is handed down. Minn. R. App. P. 117, subd. 1.

Here, the Minnesota Court of Appeals handed down its decision in Baldwin I on October 14, 1997, and the deadline for seeking further review of that decision expired 30 days later, on November 13, 1997. Because Petitioner did not seek further review of the Court of Appeals' decision in Baldwin I, his conviction and sentence became final, for purposes of § 2244(d)(1)(A), on November 13, 1997. The one-year federal statute of limitations expired one year later, on November 13, 1998. However, Petitioner did not file his current petition until September 2013, which was nearly fifteen years after the statute of limitations deadline. Therefore, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

5

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the federal statute of limitations had already expired before he ever applied for post-conviction relief in the state trial court. The statute of limitations expired on November 13, 1998, and Petitioner did not file his first state post-conviction motion (Baldwin II) until July 2007. (Petition, p. 2.) Thus, the federal habeas statute of limitations expired nearly nine years before Petitioner first applied for state post-conviction relief. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); McMullan v. Roper, 599 F.3d 849, 852 (8th Cir.) ("[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations"), cert. denied, 131 S.Ct. 602 (2010). Because the federal limitations period expired before Petitioner ever applied for state post conviction relief, his post-conviction motion could not have tolled the statute of limitations. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Needless to say, Petitioner's second post-conviction motion, which was filed in March 2013, also had no tolling effect, because that motion also was filed long after the one-year statute of limitations had expired. Petitioner may believe that his most recent

state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until that latest motion was denied. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, on November 13, 1998, it could not thereafter be restarted by the filing of any later post-conviction motions. Therefore, none of the state court proceedings that occurred after November 13, 1998, has any bearing on the timeliness of Petitioner's current federal habeas petition.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an

extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Jihad</u>, 267 F.3d at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. <u>Id</u>.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on November 13, 1998, but Petitioner did not file his current habeas petition until September 2013. Petitioner's state post-conviction motions could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), <u>if</u> any such motions had been filed before the end of the one-year limitations period expired. In fact, however, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not seek post-conviction

relief in the trial court until long after the statute of limitations had already expired. In addition, Petitioner has shown no viable grounds for equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.[4]

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

---

[4] The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this case is time-barred, and addressing the fee issue would only delay the inevitable dismissal of the case.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: October 3, 2013

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 17, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.